UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHARLES A. PATTERSON | § | C.A. NO. |
| | § | |
| VS. | § | |
| | § | |
| ENI US OPERATING CO. INC. | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Charles A. Patterson, complaining of Defendant

Eni US Operating Co. Inc., and, for cause of action, would respectfully show this

Honorable Court as follows:

### I. PARTIES

1.1    Plaintiff Charles A. Patterson, is a citizen and resident of Louisiana.

1.2    Defendant Eni US Operating Co. Inc., is a Delaware corporation with

its principal place of business in Houston, Texas, doing business in this District,

Division, and the state of Texas for the purpose of accumulating monetary profit,

and may be served with process through its registered agent, Capitol Corporate

Services, Inc., 800 Brazos, Suite 400, Austin, TX 78701.

### II. JURISDICTION

2.1    This case is pursuant to the Outer Continental Shelf Lands Act

(OCSLA), 43 U.S.C.A. § 1301, *et seq.*

### III.  VENUE

3.1    Venue is proper in this OCSLA action pursuant to 28 U.S.C.  §1391, as Defendant resides in this District.

### IV. FACTS

4.1    On or about September 20, 2014, Plaintiff was working as a rigger for Performance Energy Services on offshore platform MC773 Devil's Tower in the Gulf of Mexico, owned and/or operated by Defendant. Plaintiff sustained severe and disabling injuries when required to work on the platform manually lifting equipment without proper equipment and/or assistance.

4.2    At all relevant times, Defendant was operating the platform, in overall control of the platform, and responsible for the equipment on the platform.

### V.  CAUSE OF ACTION

#### A.    NEGLIGENCE AND GROSS NEGLIGENCE

5.1    As stated above, on or about September 20, 2014, Plaintiff sustained severed and disabling injuries on Defendant's platform.

5.2    Defendant is liable for the subject accident and Plaintiff's injuries and damages by reason of its negligence, gross negligence, and/or conditions attributable to it, directly and/or vicariously, by and through its agents,

representatives and/or employees, including its company man, in one or more of

the following particulars:

      (a)    Failing to maintain the equipment on the platform in a
              reasonably safe condition;

      (b)    Failing to warn the Plaintiff of the unreasonably dangerous
              condition of the equipment on the platform;

      (c)    Failing to provide proper and/or adequate assistance to perform
              the job required by the Company Man;

      (d)    Other acts so deemed negligent, particulars to be shown at trial
              of this cause.

      5.3    Plaintiff would show that nothing he did or failed to do on the occasion in

question caused or in any way contributed to cause his injuries.  To the contrary, the

occurrence in which Plaintiff was injured and the injuries which he sustained were

proximately caused by the negligence and/or gross negligence, as those terms are

understood in law, on the part of Defendant, its agents, servants and/or employees,

including its company man, who were acting in the course and scope of their employment

for Defendant at all times material to this cause of action.

      5.4    Plaintiff would further show that Defendant had custody and/or control of

the platform, and was responsible for maintaining the platform in a reasonably safe

condition, free from hazards that would expose the Plaintiff to injury.

      5.5    Defendant also maintained control over the details of the work being

performed at the work site in question and the right of control over the work being

performed by all of the men at the work site in question, including the Plaintiff and company man.  Defendant had the right of supervision of the details of the procedures, equipment, devices, instructions, methods, and manner of work being performed. Further, Defendant was in overall charge of safety at the job site in question, and Defendant owed Plaintiff a duty to exercise reasonable care to insure that said work by all contractors at the work site in question, was done in a safe and prudent manner.

     5.6     The federal regulations applicable to Defendant's platform specifically state, "The goal of your required SEMS program is to promote safety and environmental protection by ensuring all personnel aboard a facility are complying with the policies and procedures." 30 C.F.R. § 250.1901.  The SEMS regulations contained in the Code of Federal Regulations set out a comprehensive scheme designed to ensure owners like Defendants develop and have in place a safety program that meets minimum safety requirements, to include general safety, hazard analysis, safety and environmental information, management of change, safe work practices, training, auditing, operating procedures, pre-startup review, record keeping, SOP work authority, ultimate work authority, reporting unsafe work conditions, and job safety analysis, among others. 30 C.F.R. § 250.1902.  Pursuant to 30 C.F.R. § 250.1900, *et seq.*, Defendant had a non-delegable duty to supervise contractors on the platform, and for ensuring that all personnel on the platform followed Safe Work Practices.  Defendant was responsible for

ensuring that all of its contractors worked together to operate in a safe and environmentally responsible manner.

## VI.  DAMAGES (PECUNIARY AND NON-PECUNIARY)

6.1    As a result of these occurrences and negligent acts, Plaintiff sustained severe and permanent injuries to his body.  In addition to the expenses incurred by him and incapacity to labor caused by his injuries, he has been put to much expense for treatment; such expense is still continuing and he is unable to state the full amount thereof.

6.2    Categorical damages which Plaintiff seeks to recover from Defendant include compensation for the following:

> (a)    physical disability sustained by Plaintiff from the date of injury to the time of trial;

> (b)    future physical disability reasonably anticipated to be sustained by Plaintiff in the future;

> (c)    physical pain and suffering and mental anguish sustained by Plaintiff from the date of injury to time of trial;

> (d)    physical pain and suffering and mental anguish which is reasonably anticipated to be suffered by Plaintiff in the future;

> (e)    loss or earnings sustained by Plaintiff from the date of injury to time of trial;

> (f)    loss of earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

(g)     reasonable and necessary medical expenses incurred by
        Plaintiff in the treatment of Plaintiff's injuries from the date of
        injury to time of trial;

(h)     reasonable and necessary medical expenses reasonably
        anticipated to be sustained by Plaintiff in the future for
        treatment of Plaintiff's injuries;

(i)     past and future physical disfigurement;

(j)     past and future physical impairment; and

(k)     punitive damages.

## VII. INTEREST

7.1     Plaintiff seeks pre-judgment and post-judgment interest as allowed by

law.

## VIII.  JURY DEMAND

8.1     Plaintiff demands a jury trial herein.

WHEREFORE, Plaintiff prays:

(a)     that process in due form of law according to the practice of this
        Honorable Court issue against Defendant summoning it to appear and
        answer, all and singular, the matters aforesaid;

(b)     that a judgment may be entered in favor of Plaintiff against Defendant
        for the amount of his claims to be determined, including for actual
        damages in an amount exceeding the jurisdictional limits of this
        Court; prejudgment and postjudgment interest; punitive damages;
        attorney's fees; costs of suit; and

(c)     for such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause, and to which Plaintiff is entitled.

Respectfully submitted,


/s/ Marcus R. Spagnoletti
Marcus R. Spagnoletti
SBN 24076708 / SDTX 1139660
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:  713-653-5600
Facsimile:  713-653-5656
Email:        marcus@spaglaw.com

**OF COUNSEL:**

SPAGNOLETTI & CO.
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:  713-653-5600
Facsimile:   713-653-5656

**Attorneys for Plaintiff**